IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Keena Moore Pratt, | ) |
| | ) |
| Plaintiff, | ) C/A No. 0:16-cv-2098-MBS |
| | ) |
| v. | ) |
| | ) **OPINION AND ORDER** |
| | ) |
| Nancy A. Berryhill, | ) |
| Acting Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

On June 21, 2016, Plaintiff Keena Moore Pratt, filed the within action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant, Acting Commissioner of Social Security (the "Commissioner"), denying her claim for Disability Insurance Benefits ("DIB").

## I.   PROCEDURAL HISTORY

Plaintiff filed her DIB application on December 13, 2012, alleging disability beginning November 4, 2008. Tr. 44. Plaintiff, on the advice of her counsel, later amended her alleged onset date to February 19, 2010. Tr. 261. The application was denied initially, Tr. 88, as well as on reconsideration. Tr. 98. A hearing was held before an Administrative Law Judge ("ALJ") on November 6, 2014. Tr. 117. The ALJ issued his decision on December 29, 2014. He determined that while Plaintiff's medically determinable impairments could reasonably be expected to cause

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security Administration and is hereby substituted for Carolyn W. Colvin, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Plaintiff's alleged symptoms, the Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [Plaintiff's] symptoms [were] not entirely credible." Tr. 16. Thus, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act. Tr. 21. Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on May 19, 2016, making the ALJ's decision the "final decision" of the Commissioner. Tr. 1.

On February 2, 2017, Plaintiff filed her brief challenging the ALJ's decision on three grounds: "(1) the ALJ's two step findings [were] not supported by substantial evidence; (2) the ALJ improperly discounted the opinion of [Plaintiff's] treating physician; and (3) the ALJ's credibility analysis [was] not supported by substantial evidence." ECF No. 14 at 1. The Commissioner filed her response to Plaintiff's brief on March 9, 2017, ECF No. 15, to which Plaintiff replied on March 23, 2017. ECF No. 17.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation ("Report"). On October 16, 2017, the Magistrate Judge filed her Report recommending that the Commissioner's decision to deny benefits be reversed and remanded. ECF No. 19. The Magistrate Judge concluded that remand was warranted based on Plaintiff's third issue, which questioned the ALJ's credibility analysis. *Id*. at 5. Noting that consideration of Plaintiff's third issue may impact the remaining two issues, the Magistrate Judge declined to address the remaining issues identified in Plaintiff's brief. *Id*. at 5, n.5. Neither party objected to the Magistrate Judge doing so. The Commissioner filed one objection to the Report on October 20, 2017. ECF. No. 20. Plaintiff did not reply to the Commissioner's objection.

This matter is now before the court for review of the Magistrate Judge's Report. The court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28. U.S.C. § 636(b).

## II. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 4059(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

However, the Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

### III. DISCUSSION

Plaintiff was born in 1971 and was thirty-eight years old on the day of her amended disability onset date. Tr. 261. She has a college education and past relevant work experience as pharmacy technician. Tr. 202. Plaintiff alleges disability due to chronic fatigue, immune deficiency, fibromyalgia, high blood pressure, diabetes, and gastrointestinal problems. Tr. 201.

The Commissioner alleges in her objection that the Magistrate Judge erred in her determination that the ALJ did not properly follow the two-step process for determining Plaintiff's credibility. ECF No. 20 at 1. At issue is the second step of the two-step process, which requires the ALJ to expressly consider "the intensity and persistence of the claimant's pain and the extent to which it affects her ability to work." *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996). The Commissioner asserts that the ALJ appropriately explained why Plaintiff was not entirely credible, and that the ALJ did not *solely* rely on objective medical evidence in making his credibility determination. ECF No. 20 at 2–3 (emphasis added). In considering the entire record, the Commissioner argues that the ALJ showed how Plaintiff's subjective allegations were "inconsistent with both the mostly normal examination findings and Plaintiff's daily activities." *Id.* at 3. Arguing that substantial evidence supports the ALJ's credibility determination, the Commissioner urges the court to affirm the Commissioner's decision and deny Plaintiff's appeal. *Id.* at 4; *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005) (upholding a credibility determination based on substantial evidence that supported the ALJ's credibility assessment).

The Magistrate Judge cited to *Lewis v. Berryhill*, which held that the requirement to produce objective medical evidence supporting claims of pain intensity during the second step of the two-step process improperly increases a claimant's burden of proof. 858 F.3d 858, 866 (4th Cir. 2017).[2] The Magistrate Judge properly concluded that the ALJ's analysis regarding Plaintiff's subjective complaints appeared to "improperly rest upon a lack of objective evidence supporting them," which the law precludes. ECF No. 19 at 7; *see Lewis*, 858 F.3d at 890. Furthermore, while the Commissioner indicated that there were inconsistencies between Plaintiff's testimony and the objective medical evidence of record, the Commissioner did not explain how the inconsistences were connected to Plaintiff's subjective complaints. *Id.* at 8; *see Lewis,* 858 F. 3d at 869. Although the Magistrate Judge stated that the decision to remand the matter was "a close call," ECF No. 19 at 8, the court finds that the Magistrate Judge did not err in reaching the conclusion that the Commissioner's decision should be reversed and the case be remanded for further proceedings.

## IV. CONCLUSION

Upon careful consideration of the entire record, the court adopts the Magistrate Judge's Report incorporating it by reference, reverses the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), and remands the case to the Commissioner for further proceedings consistent with this decision and the Magistrate Judge's Report.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
Senior United States District Judge

March 19, 2018
Columbia, South Carolina

---

[2] The Magistrate Judge noted in her Report that the ALJ did not have the benefit of *Lewis* at the time of his decision. ECF No. 19 at n.8.